# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

DAVID MICHAEL SMITH,

       Plaintiff,

vs.

ERIN BOLINGER, DAVE STAUDT,

       Defendants.

No. C06-2059-DEO

**INITIAL REVIEW ORDER**

This matter is before the court on the plaintiff's application to proceed in forma pauperis. The plaintiff submitted such application on August 21, 2006. Along with his application to proceed in forma pauperis, the plaintiff submitted a complaint[1] and an application for appointment of counsel.

In this action, the plain language of the complaint demonstrates that the plaintiff is attempting to sue his criminal defense counsel for malpractice. It is clear that the plaintiff is dissatisfied with the outcome of his state criminal case, that is, *State v. Smith*, No. FECR128944 (Black Hawk County Dist. Ct. 2005). In the relief portion of his

---

[1] The court notes that the plaintiff's complaint does not comply with Rule 8 of the Federal Rules of Civil Procedure because it does not contain a short and plain statement of the grounds upon which the court's jurisdiction depends. *See* Fed. R. Civ. P. 8(a).

complaint, the plaintiff seeks $500,000.00, interest and the costs of this action. The relief sought by the plaintiff is not available because "a claim for legal malpractice in the criminal context . . . does not accrue until relief from a conviction is achieved." *Trobaugh v. Sondag*, 668 N.W.2d 577, 583 (Iowa 2003). Although the defendant is currently pursuing a direct appeal, the Iowa District Court in and for Black Hawk County has not granted relief to the defendant. *See State v. Smith*, No. FECR128944 (Black Hawk County Dist. Ct. 2005). Moreover, to the extent the plaintiff seeks relief under 42 U.S.C. § 1983, a cause of action under that provision does not arise until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal . . ., or called into question by the issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486, 114 S. Ct. 2364, 129 L. Ed.2d 383 (1994); *see also Trobaugh*, 668 N.W.2d at 581 (stating that a viable 42 U.S.C. § 1983 action "cannot be maintained in the absence of relief from the underlying conviction and thus a claim does not accrue until such relief is granted" (citing *Heck*, 512 U.S. at 486-87)).

The bottom line being that you cannot sue for malpractice until your conviction is affected by some later court order as

2

set out above. The Court was not previously aware of this decision and is not surprised that the plaintiff did not know of this requirement. This case is dismissed. The dismissal of this action shall not count against the plaintiff for purposes of the three dismissal rule.

Based on the foregoing, in forma pauperis status shall not be granted. The Clerk of Court shall file the complaint without the prepayment of the filing fee, no filing fee will be assessed. The case will be dismissed.

With respect to the plaintiff's application for appointment of counsel, the court shall deny such application as moot.

**IT IS THEREFORE ORDERED:**

(1) The plaintiff's application to proceed in forma pauperis is not granted.

(2) The Clerk of Court is directed to file the complaint without the prepayment of the filing fee, no filing fee will be assessed

(3) The plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2).

(4) The dismissal of this action shall not count against the plaintiff for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

(7) The plaintiff's application for appointment of counsel is denied as moot.

**IT IS SO ORDERED** this 8th day of September, 2006.

Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa

A copy of this document has been mailed/faxed to all counsel of record, pro se parties and others listed and not shown as having been served electronically under the cm/ecf system:

by: /s/ des   9/08/06

4